**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONTGOMERY COUNTY, PENNSYLVANIA,   :
RECORDER OF DEEDS, by and through  :
Nancy J. Becker in her official    :
capacity as Recorder of Deeds of   :
Montgomery County, on its own      :
behalf and on behalf of all others :
similarly situated,                :
                                   :
          Plaintiff,               :   CIVIL ACTION
                                   :
     v.                            :
                                   :   NO. 11-CV-6968
MERSCORP, INC., and MORTGAGE       :
ELECTRONIC REGISTRATION SYSTEMS,   :
INC.,                              :
                                   :
          Defendants.              :


**MEMORANDUM AND ORDER**


JOYNER, J.                                    April 21, 2014


     Now before this Court is the Motion of Defendants Merscorp,

Inc. and Mortgage Electronic Registration Systems, Inc. (the MERS

Defendants) for Summary Judgment that 21 P.S. §351 is

Unconstitutionally Vague As Applied to them.  For the reasons

which follow, the motion is DENIED.

## History of the Case

     This case was filed in November, 2011 by Nancy Becker, who

is the Recorder of Deeds for Montgomery County, Pennsylvania, on

behalf of herself and all other similarly situated Pennsylvania

County Recorders of Deeds.  The gravamen of Ms. Becker's

complaint is that by creating and maintaining a private, members-only registry for recording and tracking conveyances of interests in real property, the MERS Defendants have violated Pennsylvania state law requiring that such conveyances be recorded in county recorder of deeds offices – specifically 21 P.S. §351.  On behalf of herself and the class, Plaintiff seeks not only monetary relief for what she submits are Defendants' negligent and willful violations of the foregoing statute but declaratory and injunctive relief as well.

In response, Defendants moved for dismissal of the action in its entirety on the grounds that first, 21 P.S. §351 does not require the recording of transfers of beneficial interests in real estate - which is what the MERS system tracks, and that even if it did, no private right of action exists to enforce that requirement.  Second, Defendants argued that Plaintiff failed to state a cause of action for unjust enrichment, or declaratory or injunctive relief.  In our Memorandum and Order of October 19, 2012, these arguments were largely rejected insofar as we predicted that the Pennsylvania Supreme Court would conclude that the statute does indeed make recording of conveyances compulsory and that by virtue of Pa. R. C. P. 1061(b)(3), Plaintiff possessed a sufficiently plausible interest in the recording of mortgage assignments to enable her to pursue an action to quiet title.  Finally, we found that the complaint alleged sufficient

facts to state viable claims for unjust enrichment and declaratory and injunctive relief.[1]

Thereafter, on December 12, 2012, Defendants contemporaneously filed an answer to the complaint and moved to dismiss Plaintiff's Claims to Quiet Title asserting that Plaintiff had failed to describe the real property(ies) that were subject to the quiet title action, failed to join the owners or others with interest in the property(ies) as real parties in interest and failed to identify the documents sought to be recorded.  These arguments were likewise rejected and the defendants' second motion denied on March 6, 2013 for the reasons that: (1) the existence of a title dispute is not a pre-requisite to commencement of a quiet title action under Pa. R. C. P. 1061, (2) the Court had already determined that Rule 1061(b)(3) permitted Plaintiff to bring a quiet title action absent an interest in the underlying land at issue, (3) the absence of a description of the property was not fatal to the Plaintiff's claim, and (4) Defendants had failed to meet their burden to show that the property owners were indeed necessary parties.

Shortly after the entry of the Court's Order of March 6,

---

[1]  Plaintiff's complaint also included, at Count II, a claim for civil conspiracy, alleging that "Defendants in this action have conspired with other unnamed co-conspirators to violate the provisions of 21 P.S. §351," and that "Defendants acted in combination to create an alternative mortgage recording system, outside of public view, with the specific purpose of unlawfully failing to record assignments of mortgages and paying the associated fees." (Complaint, ¶s 38, 39).  This count was dismissed in our Memorandum and Order of October 19, 2012, however, because it failed to aver a malicious intent to injure the individual recorders of deeds or their offices.

2013, Defendants filed an Amended Answer to the Complaint,
denying the substance of the allegations of the remaining counts
of the complaint and raising a number of affirmative defenses.
On October 31, 2013, following the filing of Plaintiff's Motion
to Certify the Class and its Motion for Summary Judgment,
Defendants (with Plaintiff's consent) filed a second Amended
Answer to the Complaint in which they raised the affirmative
defense that 21 P.S. §351 was unconstitutionally vague and
unconstitutional as applied to them.  Then, on December 4, 2013,
Defendants filed the motion which is now before us seeking the
entry of judgment in their favor as to all of the remaining
claims against them in this action.

**Standards Applied to Motions for Summary Judgment**

The standards governing consideration of motions for summary
judgment in the federal courts are set forth in Fed. R. Civ. P.
56.  Under subsection(a) of that rule,

> A party may move for summary judgment, identifying each
> claim or defense - or the part of each claim or defense
> - on which summary judgment is sought.  The court shall
> grant summary judgment if the movant shows that there
> is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law...

In considering a motion for summary judgment, the reviewing court
should view the facts in the light most favorable to the non-
moving party and draw all reasonable inferences in that party's
favor.  Burton v. Teleflex, Inc., 707 F.3d 417, 425 (3d Cir.
2013).  The initial burden is on the party seeking summary

4

judgment to point to the evidence "which it believes demonstrate the absence of a genuine issue of material fact." <u>United States v. Donovan</u>, 661 F.3d 174, 185 (3d Cir. 2011)(quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)).  An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. <u>Kaucher v. County of Bucks</u>, 455 F.3d 418, 423 (3d Cir. 2006)(citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).  Thus, "if there is a chance that a reasonable juror would not accept a moving party's necessary propositions of fact," summary judgment is inappropriate." <u>Id</u>, (quoting <u>El v. SEPTA</u>, 479 F. 3d 232, 238 (3d Cir. 2007)).

## **Discussion**

The statute under challenge here - 21 P.S. §351 is one of a number of state statutes addressing the maintenance, upkeep and state of the title and land records in the Commonwealth of Pennsylvania.  It reads as follows:

> All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands,

tenements, and hereditaments are situate.  Every such deed,
conveyance, contract, or other instrument of writing which
shall not be acknowledged or proved and recorded, as
aforesaid, shall be adjudged fraudulent and void as to any
subsequent bona fide purchaser or mortgagee or holder of any
judgment, duly entered in the prothonotary's office of the
county in which the lands, tenements, or hereditaments are
situate, without actual or constructive notice unless such
deed, conveyance, contract, or instrument of writing shall
be recorded, as aforesaid, before the recording of the deed
or conveyance or the entry of the judgment under which such
subsequent purchaser, mortgagee, or judgment creditor shall
claim.  Nothing contained in this act shall be construed to
repeal or modify any law providing for the lien of purchase
money mortgages.

It is of course a fundamental principle in our legal system
that laws which regulate persons or entities must give fair
notice of conduct that is forbidden or required.  FCC v. Fox
Television Stations, Inc., ___ U.S. ___, 132 S. Ct. 2307, 2317,
183 L. Ed. 2d 234, 245 (2012).  Indeed, "[a] statute which either
forbids or requires the doing of an act in terms so vague that
men of common intelligence must necessarily guess at its meaning
and differ as to its application, violates the first essential of
due process of law."  Id, (quoting Papachristou v. Jacksonville,
405 U.S. 156, 162, 92 S. Ct. 839, 31 L. Ed. 2d 110 (1972)).  It
is therefore a basic principle of due process that an enactment
is void for vagueness if its prohibitions are not clearly
defined; hence laws must give the person of ordinary intelligence
a reasonable opportunity to know what is prohibited, so that he
may act accordingly.  Grayned v. City of Rockford, 408 U.S. 104,
108, 92 S. Ct. 2294, 2298, 33 L. Ed. 2d 222 (1972).  In other

6

words, "a statute should be struck as vague if (1) it fails to give a person of ordinary intelligence a reasonable opportunity to know what is prohibited, or (2) it fails to provide explicit standards to the enforcing officer."  Trojan Technologies, Inc. v. Commonwealth of Pennsylvania, 916 F.2d 903, 914 (1990).

Finally, it should also be noted that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand" - that is, the statute is to be reviewed as applied to the defendant's particular conduct.  United States v. Mazurie, 419 U.S. 544, 550, 95 S. Ct. 710, 713, 42 L. Ed. 2d 706 (1975); Commonwealth v. Habay, 2007 PA Super. 303, 934 A.2d 732, 738 (2007).  "The degree of vagueness the Constitution tolerates - as well as the relative importance of fair notice and fair enforcement - depends in part on the nature of the enactment..." the courts have "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe."  Kreimer v. Bureau of Police for the Town of Morristown, 958 F.2d 1242, 1267 (3d Cir. 1992).  See also, Village of Hoffman Estates v. Flipside, Hoffman Estates, 455 U.S. 489, 498-99, 102 S. Ct. 1186, 1193, 71 L. Ed. 2d 362 (1982)(same).

That Pennsylvania courts assess vagueness challenges to their own statutes under the same standards as those articulated by the federal courts is clear.   See, e.g., Commonwealth v.

Mayfield, 574 Pa. 460, 832 A.2d 418 (2003)(plain language of
institutional sexual assault statute "is sufficiently definite
that 'ordinary people can understand what conduct is
prohibited'... 'and is not so vague that men of common
intelligence must necessarily guess at its meaning and differ as
to its application.'" [quoting Commonwealth v. Mikulan, 504 Pa.
244, 470 A.2d 1339, 1342 (1983) and Kolender v. Lawson, 461 U.S.
352, 357, 103 S. Ct. 1855, 75 L. Ed. 2d 903 (1983)]);
Commonwealth v. Heinbaugh, 467 Pa. 1, 354 A.2d 244, 246
(1976)("...a statute which either forbids or requires the doing
of an act in terms so vague that men of common intelligence must
necessarily guess at its meaning and differ as to its application
violates the first essential of due process of law." [quoting
Connollay v. General Constr. Co., 269 U.S. 385, 391, 46 S. Ct.
126, 70 L. Ed. 322 (1926)]).  It is also noteworthy that there is
a strong presumption that legislation is constitutional.
Commonwealth v. Habay, 934 A.2d at 737 (citing Pennsylvanians
Against Gambling Expansion Fund, Inc. v. Commonwealth of
Pennsylvania, 538 Pa. 275, 877 A.2d 383, 393 (2005)).  A party
challenging legislation bears a heavy burden to prove otherwise
and accordingly, a court will strike a statute on constitutional
grounds only if that party convinces it that the challenged
statute clearly, palpably and plainly violates the federal or
state constitutions.  Id, at 738( citing Commonwealth v. McCoy,

895 A.2d 18, 30 (Pa. Super. 2006)).

In application of the foregoing, we observe at the outset that this case does not implicate any First Amendment issues and consequently we review the statute at issue as applied to the defendants' particular conduct and with due consideration for the fact that it is a civil - not a criminal enactment which is under scrutiny here.  In particular, Defendants assert that Section 351 is unconstitutionally vague as applied insofar as it fails to define essential terms and details such as what actions need be taken, who must undertake to perform those actions, when they must be accomplished and what standards are applicable to determine if the required acts have been properly performed.   In reviewing the statute, we simply cannot agree.

Rather, we find it patently clear that the action which Section 351 requires to be taken is the **recording** of all deeds, conveyances, contracts, and "other instruments of writing" by which the parties who execute those documents intend to "grant, bargain, sell and convey any lands, tenements, or hereditaments situate in this Commonwealth."  Given that tenements and hereditaments are generally defined as encompassing interests in real or personal property that may or may not be capable of being inherited[2], and that the Pennsylvania Supreme Court has

_____

      [2]   According to WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY (1994), "hereditament" is defined as "Property that can be inherited," and a "tenement" is "...(4) *Law*. Permanent property, as land, rents, or franchises,

determined that mortgages and mortgage assignments are conveyances and transfers of property under Pennsylvania law[3], we discern nothing vague in the text of the law with regard to what action it requires for compliance.

Second, we reject Defendants' claim that the statute should be held unconstitutionally vague because it fails to specify the necessary elements of "who" and "when."  Indeed, under the Pennsylvania Statutory Construction Act, "[s]tatutes or parts of statutes are *in pari materia* when they relate to the same persons or things or to the same class of persons or things" and

———————————

that may be held by one person for another."

    BLACK'S LAW DICTIONARY (6th ed. 1990) is similar: "hereditaments" are:

    Things capable of being inherited, be it corporeal or incorporeal, real, personal, or mixed, and including not only lands and everything thereon but also heirlooms and certain furniture which, by custom, may descend to the heir together with the land. Things which may be directly inherited, as contrasted with things which go to the personal representative of a deceased."

    The term "tenement"

    "in its common acceptation, is only applied to houses and other buildings, but in its original, proper and legal sense it signifies everything that may be *holden*, provided it be of a permanent nature, whether it be of a substantial and sensible, or of an unsubstantial, ideal, kind.  Thus, *liberum tenementum,* frank tenement, or freehold, is applicable not only to lands and other sold objects, but also to offices, rents, commons, advowsons, franchises, peerages, etc.  At common law, 'tenements' included lands, other inheritances, capable of being held in freehold, and rents."

    Black's Law Dictionary further provides that "freehold," is "an estate for life or in fee. ... A 'freehold estate' is a right of title to land. ... An estate in land or other real property, of uncertain duration; that is, either of inheritance or which may possibly last for the life of the tenant at the least (as distinguished from a leasehold); and held by a free tenure (as distinguished from copyhold or villenage)."

    [3]  Pines v. Farrell, 577 Pa. 564, 848 A.2d 94 (2004).

10

"[s]tatutes *in pari materia* shall be construed together, if possible, as one statute." 1 Pa. C. S. A. §1932(a), (b); <u>Holland v. Marcy</u>, 584 Pa. 195, 206, 883 A.2d 449, 455 (2005); <u>MacElree v. Chester County</u>, 667 A.2d 1188, 1194 (Pa. Cmwlth. 1995). <u>See also</u>, <u>Erie School District Appeal</u>, 155 Pa. Super. 564, 573, 39 A.2d 271, 275 (1944)("statutes are to be construed in connection and in harmony with the existing law and as a part of a general and uniform system of jurisprudence"); <u>Miners Nat. Bank of Wilkes-Barre v. Kuhns</u>, 32 Luz. L. Rep. 185 (1939)("This section [§351] and §§444 and 445 of this title as to recording of deeds and conveyances, and protecting the liens of judgments, must be read together"). 21 P.S. § 444 states the following in relevant part with regard to the recording of deeds and conveyances within the Commonwealth:

> All deeds and conveyances, which, from and after the passage of this act, shall be made and executed within this commonwealth of or concerning any lands, tenements or hereditaments in this commonwealth, or whereby the title to the same may be in any way affected in law or equity, ... shall be recorded in the office for the recording of deeds where such lands, tenements or hereditaments are lying and being within ninety days after the execution of such deeds or conveyance, ...

As to the recording of mortgages, 21 P.S. §621 provides:

> No deed or mortgage, or defeasible deed, in the nature of mortgages, hereafter to be made, shall be good or sufficient to convey or pass any freehold or inheritance, or to grant any estate therein for life or years, unless such deed be acknowledged or proved and recorded within six months after the date thereof, where such lands lie, as hereinbefore directed for other deeds.

11

As a consequence of reading these statutes together, we conclude that the answer to the "when to record" question is easily discerned: recording should be effectuated in the office of the recorder of deeds for the county where the property is situate within ninety days of execution, notwithstanding that there is a grace period of an additional ninety days before a deed, mortgage or defeasible deed may be deemed insufficient to convey good title.

We likewise have little difficulty in ascertaining "who" should record from a reading of the statute and the available caselaw construing it.  To be sure, the verbiage of the statute itself is instructive: if it is the intention of the parties executing the deed, conveyance, contract or other written instrument to grant, bargain, sell and convey any real estate or interest in property located in the Commonwealth, it is incumbent upon those parties to record.  Moreover, because mortgages are recorded to provide notice to the entire world of the person or entity who encumbers title to the property and the failure to timely record a mortgage and/or mortgage assignment could impact the validity and/or priority of the mortgage as against subsequent purchasers or mortgagees for valid consideration, common sense suggests that it would be in the mortgagee's best interest to record so as to ensure that its interests are properly protected.  See, e.g., In re Fisher, 320 B.R. 52, 63

12

(E.D. Pa. 2005)(citing <u>Salter v. Reed</u>, 15 Pa. 260, 263 (1850));
<u>In re Holler</u>, 342 B.R. 212, 229 (Bankr. W.D. Pa. 2006)).

Finally, we find Defendants' last assertion that Section 351 is unconstitutionally void inasmuch as it purportedly lacks objective standards which leads to arbitrary application and enforcement to be somewhat confusing.  Again, we find the statute to be clear: it requires "deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth" to "be recorded in the office for the recording of deeds in the county where such lands, tenements and hereditaments are situate."  Failure to so properly record renders the unrecorded interest fraudulent and void as to any subsequent bona fide purchaser, mortgagee or holder of a judgment which is thereafter recorded in the office of the county prothonotary and/or insufficient to convey an interest therein.  21 P.S. §§351, 621.  Hence the standard is very simple: if the holder of an interest in land wishes to protect and maintain that interest, it must record the document by which that interest is memorialized.  We find nothing vague about it.

For all of these reasons, Defendants' motion for summary judgment on vagueness grounds is denied pursuant to the attached order.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

MONTGOMERY COUNTY, PENNSYLVANIA,      :
RECORDER OF DEEDS, by and through     :
Nancy J. Becker in her official       :
capacity as Recorder of Deeds of      :
Montgomery County, on its own         :
behalf and on behalf of all others    :
similarly situated,                   :
                                      :
          Plaintiff,                  :    CIVIL ACTION
                                      :
     v.                               :
                                      :    NO. 11-CV-6968
MERSCORP, INC., and MORTGAGE          :
ELECTRONIC REGISTRATION SYSTEMS,      :
INC.,                                 :
                                      :
          Defendants.                 :


## ORDER

     AND NOW, this       21st      day of April, 2014, upon

consideration of the MERS Defendants' Motion for Summary Judgment

that 21 P.S. §351 is Unconstitutionally Vague as Applied (Doc.

No. 87), it is hereby ORDERED that the Motion is DENIED for the

reasons set forth in the preceding Memorandum Opinion.

                              BY THE COURT:


                              /s/ J. Curtis Joyner
                              _____
                              J. CURTIS JOYNER,        J.