IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTGOMERY COUNTY, PENNSYLVANIA, RECORDER OF DEEDS, by and through NANCY J. BECKER, in her official capacity as the Recorder of Deeds of Montgomery County, Pennsylvania, on its own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>MERSCORP, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendants. | Civil Action No. 11-6968<br><br>Judge J. Curtis Joyner<br><br>Filed Electronically<br><br>Oral Argument Requested |

**MERS DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO UNSEAL REPORT OF MARIE MCDONNELL**

Defendants MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc. ("MERSCORP") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively the "MERS Defendants") submit this Memorandum Of Law In Opposition To Plaintiff's Motion To Unseal Report Of Marie McDonnell.

**I. INTRODUCTION**

Plaintiff seeks to unseal the report of Marie McDonnell (the "McDonnell Report" or "Report"), which Plaintiff filed under seal with this Court as part of her motion for partial summary judgment. The Report contains confidential and proprietary business information of the MERS® System and the practices of its members pertaining to the buying and selling of mortgage loans. In this case, the parties agreed to the entry of a Consent Protective Order ("CPO") to protect this type of information from disclosure and the MERS Defendants thus

appropriately designated this information as "Confidential Material." Plaintiff never objected to this designation and she indeed properly filed the McDonnell Report with the Court under seal, recognizing that the information was confidential and subject to the CPO.

Plaintiff now argues that the MERS Defendants are somehow trying to get a strategic advantage for the appeal before the Third Circuit. Plaintiff argues that, unless the McDonnell Report is unsealed, "it will not be possible for the Judges of the Third Circuit to understand this Court's statements about the McDonnell report—or the McDonnell analysis itself—from the redacted version that appears in the joint appendix[.]" (Pl.'s Mem. in Supp. of Mot. to Unseal ("Pl.'s Br."), ECF No. 152, at 4). Plaintiff also argues that she needs to unseal the McDonnell Report so that she can include a chart reflecting the confidential information from the Report in her appellate brief. (*Id.*). Plaintiff's motion is fundamentally flawed.

In determining whether to unseal the Report, the Court should balance Plaintiff's need for unsealing the Report against the injury that may result if disclosure is compelled. But Plaintiff has not shown any need or reason to unseal the Report. The sealed Report is already part of the record on appeal, regardless of whether it is included in the joint appendix, so the Third Circuit can consider the Report in its entirety and unredacted. *See* Fed. R. App. P. 10(a). And if Plaintiff wants to submit an unredacted version of the Report as part of the joint appendix, she can do so in a sealed volume. *See* 3d Cir. L.A.R. 30.3(b); 106.1(a). Plaintiff also has the option of filing her brief under seal in the Third Circuit and she can include whatever chart she wishes. *See* 3d Cir. L.A.R. 106.1(a); 113.7. This will alleviate Plaintiff's concern without needlessly disclosing the confidential business information contained in the Report, and undermining the terms of the agreed-upon CPO.

Conversely, if the information is unsealed it will result in competitive harm. It will reveal confidential and proprietary business information contained on the MERS® System. In addition, unsealing the information will disclose to competitors of MERS® System members information about their practices and procedures regarding the buying and selling of loans. The sensitive nature of this information is precisely why the MERS Defendants designated it as "Confidential Material," to which Plaintiff never objected.

Put simply, the MERS Defendants produced the confidential information contained in the McDonnell Report in reliance on the CPO and, if necessary, the Third Circuit *can review that information in the unredacted sealed version of the Report*. Plaintiff has provided no reason why the Report should be unsealed. As such, Plaintiff's motion should be denied.

## II.     FACTUAL BACKGROUND

### A.    The Court Entered The Parties' Consent Protective Order Governing The Production Of Confidential Materials.

Before the parties engaged in any discovery, they jointly submitted a Consent Protective Order ("CPO"), which the Court subsequently entered. (CPO, ECF No. 64). Pursuant to the CPO, each party may designate any discovery produced as "Confidential Material" if the producing party reasonably believes that the materials include: (a) confidential business or technical information; (b) trade secrets; (c) proprietary business methods or practices; (d) personal information; (e) other competitively sensitive confidential information; and/or (f) any other information that should reasonably be designated as confidential. (*Id.* ¶ 1). Once the material is marked "Confidential Material," the CPO specifies that it may only be used for purposes of this litigation and that it may only be disclosed to certain specified persons. (*Id.* ¶ 5).

    **B.**    **In Reliance On The CPO, The MERS Defendants Produced Confidential Materials, Which Were Incorporated Into The McDonnell Report.**

In reliance on the agreed CPO, the MERS Defendants produced Milestone Reports ("Milestone Reports"), which contain confidential, commercially sensitive, and proprietary business information from the MERS® System and which reveals each members' non-public procedures and practices regarding the buying and selling of loans. (Declaration of William C. Hultman ("Hultman Declaration"), attached hereto as Exhibit A, at ¶¶ 3-5). In particular, the MERS Defendants produced the Milestone Report for a loan associated with a borrower named Kathryn Farkas ("Farkas Milestone Report") and designated it "Confidential Material" pursuant to the CPO because of the confidential, commercially sensitive, and proprietary business information on that report. (*Id.* at ¶ 4).

Plaintiffs, in turn, incorporated the confidential information in the Farkas Milestone Report into the report of their expert, Mary McDonnell (the "McDonnell Report"). The McDonnell Report reveals what members utilized the system with regard to this loan, what members did business with each other with regard to this loan, how long the members retained the beneficial interests in the loan before transferring it, who the beneficial interests in the loan were transferred to, how many times the beneficial interests were transferred, and the date that the loan was deactivated from the system. (Hultman Declaration, Ex. A, at ¶¶ 3-4; *see also* Unredacted McDonnell Report Filed Under Seal as Ex. 4 to Pl.'s Br., at 4-5, 7, 10-11).

    **C.**    **Recognizing That The McDonnell Report Contains Confidential Materials, Plaintiff Filed The Report Under Seal Over A Year Ago, But Now Seeks To Unseal The Report Based On The Mistaken Belief That The Third Circuit Cannot Otherwise Consider It.**

On November 5, 2013, in accordance with the CPO, Plaintiff filed the unredacted McDonnell Report under seal as an exhibit to her cross motion for partial summary judgment. (Pl.'s Mem. Filed Under Seal, ECF. No 82). In addition, Plaintiff filed a redacted version of the

McDonnell Report electronically and that version is publically available. (*See* ECF No. 81-30). The Court referenced the Report in a single paragraph of its 45 page opinion granting partial summary judgment in Plaintiff's favor, explaining that the Report primarily found "that there were five missing assignments that should have been recorded with the Montgomery County Recorder of Deeds[.]" (Mem. and Order dated June 30, 2014, ECF No. 118, at 37).

Plaintiff did not object to the MERS Defendants' confidentiality designation when the information was provided to Plaintiff, nor in the more than 15 months that have passed since Plaintiff filed the McDonnell Report under seal. Nonetheless, Plaintiff claims that the Report should be unsealed so that she can include it in the joint appendix before the Third Circuit. (Pl.'s Br., at 4). Plaintiff also seeks to unseal the report so that she can include the confidential information in a chart that she wants to include in her brief. (*Id.*) Plaintiff's motion should be denied.

## III. ARGUMENT

Under Rule 26(c), the Court may protect confidential business and commercial information from disclosure. *Smith v. BIC Corp.*, 869 F.2d 194, 199 (3d Cir. 1989). When documents are produced pursuant to a protective order and the receiving party seeks to challenge a confidentiality designation, "good cause" for the designation under Rule 26(c) must be determined by balancing the requesting party's need for the information against the injury that might result if disclosure is compelled. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995); *Heller v. Shaw Indus., Inc.*, CIV. A. 95-7657, 1997 WL 786542, at *2 (E.D. Pa. Nov. 20, 1997). This Court has wide discretion in weighing any relevant factors in making this determination. *Glenmede Trust Co.*, 56 F.3d at 483; *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994).

Applying this test, courts routinely refuse to compel disclosure of confidential business information where the party seeking disclosure fails to provide a specific need for the information to prosecute or defend against the claims at issue. *See e.g., Joon Associates, Inc. v. House of Blues Tours & Talent, Inc.*, No. CIV A 05-CV-6621, 2006 WL 2726860, at *4 (E.D. Pa. Sept. 18, 2006) (Joyner, J.) (issuing protective order where plaintiffs only alleged that, without the information, "their ability to prosecute and/or defend the claims at issue would be hampered"); *Heller*, 1997 WL 786542, at *6 (denying plaintiffs' motion to unseal documents marked confidential pursuant to a private confidentiality agreement where plaintiffs "have presented the court with *no* specific reasons whatsoever as to why this information should be made available to the public.") (emphasis in original); *Farley v. Cessna Aircraft Co.*, No. CIV. A. 93-6948, 1994 WL 396479, at *3 (E.D. Pa. July 22, 1994) (granting protective order where plaintiff "will receive all of the information that he is entitled to receive, and which is necessary for the preparation of his case.").

Here, this balancing test weighs heavily in favor of the McDonnell Report remaining under seal. Plaintiff will obtain *no benefit* by unsealing the Report and she provides no reason why unsealing the Report is necessary. She claims that the unredacted version of the Report should be unsealed so that the Third Circuit can consider it (Pl.'s Br., at 4), but the Third Circuit may already consider the *unredacted* Report because it is a part of the record on appeal. Fed. R. App. P. 10(a)(1) (the record on appeal includes "the original papers and exhibits filed in the district court").

Plaintiff also claims that the Report should be unsealed so that it can be part of the joint appendix on appeal (Pl.'s Br., at 4), but MERS Defendants filed the redacted version of the Report in the joint appendix. If Plaintiff so insists on having in the joint appendix that which is

6

already part of the record available to the Third Circuit, Plaintiff can include the unredacted version of the Report in a sealed volume of the joint appendix. 3d Cir. L.A.R. 30.3(b) (documents sealed in the district court should "be filed as a separate docket entry as a sealed volume."); 3d Cir. L.A.R. 106.1(a) ("Sealed documents . . . may be submitted in a separate, sealed volume of the appendix."). Similarly, Plaintiff's concern about including "a chart substantially in the form of Ex. 5" (currently filed under seal) in her brief can be addressed by simply filing the brief under seal like she did in this Court. 3d Cir. L.A.R. 106.1(a) (allowing a party to file "a portion of a brief or other document . . . under seal"); 3d Cir. L.A.R. 113.7(a) (same).

Even if these procedural rules do not alleviate Plaintiff's concerns (which they do), Plaintiff still fails to explain how the McDonnell Report is relevant to the issues on appeal. The McDonnell Report concludes that, with regard to the Farkas Loan, promissory note transfers were not recorded in the public land records. The MERS Defendants agree that promissory note transfers are not recorded in the public land records and that factual point is not at issue on appeal. Rather, as this Court knows, the issues on appeal are largely legal issues concerning the interpretation of 21 P.S. § 351 and the legal significance of not recording promissory note transfers. The McDonnell Report is of no value to making any legal determination and, in fact, it was only tangentially related to the Court's summary judgment decision, which spanned 45 pages, but only mentioned the Report in a single paragraph explaining that the Report primarily found "that there were five missing assignments that should have been recorded with the Montgomery County Recorder of Deeds[.]" (Mem. and Order dated June 30, 2014, ECF No. 118, at 37). Because Plaintiff has provided no reason why the Report should be unsealed, her motion should be denied. *See Joon Associates*, 2006 WL 2726860, at *4 (Joyner, J.) (entering

protective order because defendants "sufficiently established that the information at issue is confidential" and plaintiffs failed "to demonstrate that it is relevant and necessary to their case so as to outweigh the harm disclosure could potentially pose to the defendants"); *see also Heller*, 1997 WL 786542, at *6; *Farley*, 1994 WL 396479, at *3.

Conversely, if the confidential information in the McDonnell Report is disclosed, the MERS Defendants and MERS® System members face potential harm. In reliance on the CPO, and for the reasons explained above and in the attached Declaration, the MERS Defendants provided Plaintiff with confidential information that was incorporated into the McDonnell Report. (*See* Hultman Declaration, Ex. A, at ¶¶ 2-4; *see also* Unredacted McDonnell Report Filed Under Seal as Pl.'s Ex. 4, at 4-5, 7, 10-11). If this information is unsealed, it will result in competitive harm because it will provide competitors with the details of which MERS® System members do business with each other and the particulars of those business transactions pertaining to the buying and selling of promissory notes. (Hultman Declaration, Ex. A, at ¶ 5).

Plaintiff cites cases standing for the broad proposition that there is a presumption that "judicial records" will be subject to public disclosure (Pl.'s Br., at 6-8), but she fails to acknowledge that the McDonnell Report is an expert report *referencing* confidential information, and there is no public need to have this information disclosed. Indeed, Plaintiff's cases either involve strong public interests requiring disclosure,[1] procedural issues not applicable to this case,[2] or situations where the information sought to be withheld was the critical reason for the

---

[1] *See Pansy*, 23 F.3d at 776 (newspaper sought disclosure of settlement agreement relating to civil rights lawsuit by former police chief against borough); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653 (3d Cir. 1991) (involving disclosure of information relating to power plant bribing former president of the Philippines in order to secure a contract); *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982) (involving information relating to special litigation committee's decision subject to the business judgment rule, which raised the court's concerns relating to "what the effect on investor confidence would be if special litigation committees were routinely allowed to do their work in the dark of night.").

[2] *See Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) (holding district court erred in not considering whether information was in fact confidential); *Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d

court's ruling on the merits.[3]  No case involves a situation where, like here, a Plaintiff who agreed to a protective order wants to unseal a confidential document when there is no need to do so, particularly when the Third Circuit can review the unredacted version if need be, and when the Plaintiff does not want to file a joint appendix under seal with the Third Circuit.  Indeed, Plaintiff seemingly seeks to unseal the McDonnell Report solely because she mistakenly thinks the document is not part of the record on appeal—not because the information sought involves a strong public interest or is somehow necessary to defend against the MERS Defendants' appeal.  Because there is no need to unseal the McDonnell Report and the potential harm from disclosure is great, Plaintiff's motion should be denied.

## IV.     CONCLUSION

There is no need to unseal the McDonnell Report, which contains proprietary and confidential information that was produced pursuant to the CPO.  Plaintiff's proffered concerns can be addressed by following the Third Circuit's local rules.  Because the potential harm from disclosure grossly outweighs any need for disclosure (and, indeed, there is none), Plaintiff's motion should be denied.

---

Cir. 1988) (holding that defendant waived the claim of confidentiality by not objecting to opposing counsel admitting the unredacted information into evidence).

[3] *See Joy*, 692 F.2d at 893 (holding that special litigation committee's decision was not entitled to confidential treatment where district court granted summary judgment based primarily on that decision under the business judgment rule, but explaining that "[w]e do not say that every piece of evidence, no matter how tangentially related to the issue or how damaging to a party disclosure might be, must invariably be subject to public scrutiny.").

Dated:  March 2, 2015                              Respectfully submitted,


                                                   /s/  Brian M. Ercole
                                                   Robert M. Brochin (admitted *pro hac vice*)
                                                   Brian M. Ercole (PA ID #91591)
                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                   200 S. Biscayne Boulevard, Suite 5300
                                                   Miami, FL 33131-2339
                                                   Tel: (305) 415-3000/ Fax: (305) 415-3001
                                                   rbrochin@morganlewis.com
                                                   bercole@morganlewis.com

                                                   Franco A. Corrado (PA ID #91436)
                                                   MORGAN, LEWIS & BOCKIUS LLP
                                                   1701 Market Street
                                                   Philadelphia, PA 19103
                                                   Tel: (215) 963-5000/Fax: (215) 963-5001
                                                   fcorrado@morganlewis.com

                                                   *Attorneys for MERSCORP, Inc.* and *Mortgage Electronic Registration Systems, Inc.*

## **CERTIFICATE OF SERVICE**

I, Brian M. Ercole, hereby certify that on March 2, 2015, a true and correct copy of the MERS Defendants' Memorandum Of Law In Opposition To Plaintiff's Motion To Unseal Report Of Marie McDonnell, along with Exhibit A, was served via ECF on all counsel of record.


DATED:  March 2, 2015                                         /s/ Brian M. Ercole
                                                                              Brian M. Ercole