# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MONTGOMERY COUNTY, PENNSYLVANIA, RECORDER OF DEEDS, by and through NANCY J. BECKER, in her official capacity as the Recorder of Deeds of Montgomery County, Pennsylvania, on its own behalf and on behalf of all others similarly situated, | : : : : : : : : | |
| Plaintiff, | : : | Civil Action No. 11-6968 |
| v. | : : | |
| MERSCORP, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | : : : : | |
| Defendants. | : : | |

## DECLARATION OF WILLIAM C. HULTMAN

I, William C. Hultman declare the following under the penalty of perjury.

1.      I am the Vice President of Legislative Affairs for MERSCORP Holdings, Inc. ("MERSCORP").  I have been employed by MERSCORP continuously since 1998.  I am familiar with how MERSCORP, and its subsidiary, Mortgage Electronic Registration Systems, Inc. ("MERS"), operate and I have personal knowledge of the facts stated in this Declaration. MERS and MERSCORP are collectively referred to as the "MERS Defendants" herein.

2.      MERSCORP maintains the MERS® System, which is an electronic database populated with information regarding mortgage loans registered on the MERS® System.  The members of the MERS® System, not MERSCORP or MERS, register their loans on the MERS® System.  Thereafter, the members report onto the MERS® System certain events relating to the loans that the members registered.  This data is, in part, captured in Milestone Reports ("Milestone Report") which may be generated for each loan that the members have registered.

3. The information in the Milestone Report is proprietary and confidential information from the MERS® System and it reveals each member's non-public procedures and practices regarding the buying and selling of loans. For instance, the Milestone Report reveals the identity of each MERS® System member that has had a beneficial interest in the loan, how long the member has retained the beneficial interest before transferring it to another member, the identity of the member to which the beneficial interest was transferred to, how many times the beneficial interest was transferred by each particular member, which members have had servicing rights on the loan, how many times the servicing rights have been sold and to which member, the foreclosure status of the loan, and the deactivation date of the loan.

4. In reliance on the agreed upon Consent Protective Order in this case, the MERS Defendants provided Plaintiff with the Milestone Report for a loan associated with a borrower named Kathryn Farkas ("Farkas Milestone Report") and it was marked "Confidential Material." The Farkas Milestone Report contains confidential, commercially sensitive, and proprietary business information.

5. Unsealing information in the Farkas Milestone Report (or any other Milestone Report) would result in competitive harm to the MERS Defendants and to the members of the MERS® System. The MERS® System members are competitors to one another and they do not have access to the Milestone Reports for the loans in which they are not associated. And competitors who are not MERS® System members do not have access to any Milestone Reports. Making the information on the Farkas Milestone Report public will provide these competitors with the details of which members on the Farkas Milestone Report do business with each other and of the particulars of that business.

I declare under penalty of perjury and the laws of the United States that the foregoing is true and correct.

Dated:  March 2, 2015

                                                        William C. Hultman