IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MONTGOMERY COUNTY, PENNSYLVANIA, RECORDER OF DEEDS, by and through NANCY J. BECKER, in her official capacity as the Recorder of Deeds of Montgomery County, Pennsylvania, on its own behalf and on behalf of all others similarly situated,<br><br>       Plaintiff,<br>  v.<br><br>MERSCORP, INC., and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>       Defendants. | CIVIL ACTION<br><br>NO. 11-6968 |

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO UNSEAL REPORT OF MARIE MCDONNELL**

  Plaintiff submits this Reply in Further Support of Plaintiff's Motion to Unseal Report of Marie McDonnell [Doc. No. 151]. Defendants fail to meet their burden of showing "good cause" for continuing to seal the MERS data in the McDonnell Report.  The Court should unseal it.

  Defendants bear the "heavy burden of showing … that disclosure will work a *clearly defined and serious injury* to the party seeking closure.'" *Miller v. Indiana Hosp.*, 16 F.3d 549, 551 (3d Cir.1994) (emphasis added) (citation omitted). Here, Defendants fail to identify *any* harm to themselves. Instead, they argue that the MERS *members* who entered the transfer information into the MERS database will suffer harm. Def. Mem. (Doc. 154) at 3.

  However, none of those members has come forward to explain specifically how it would be seriously harmed by disclosure. The only evidence Defendants offer is a declaration from a "Vice President of Legislative Affairs" who asserts, in the most conclusory and vague fashion, that "Making the information on the Farkas Milestone Report public will provide these competitors with the details of which members on the Farkas Milestone Report do business with

each other and the particulars of that business." Declaration of William C. Hultman ("Hultman Decl.") [Doc. 154-1] at ¶ 5.

Defendants' showing fails to demonstrate good cause. Defendants never attempt to explain how the Milestone information about the Farkas mortgage – a defunct loan that went into foreclosure nearly two years ago – has any present competitive value. Defendants also do not explain how disclosure of the information would cause "serious" harm, given Defendants' admission that any MERS member competitor involved with the loan has access to the Milestone information. Hultman Decl. at ¶ 5. And as Ms. McDonnell's expert report shows, MERS members routinely disclose information about some – but not all – of their transfers in public land records and securitization documents. Indeed, *that* is the crux of Plaintiff's lawsuit – that *all* such transfers require the contemporaneous creation and recording of mortgage assignments. Defendants' weak, unspecific claims of generalized, derivative harm to MERS members does not establish good cause. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing").

Defendants also ignore the strong public interest in this case. *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (courts weigh "whether confidentiality is being sought over information important to health and safety" and "whether the case involves issues important to the public"). Plaintiff is an elected public official seeking to enforce Pennsylvania's recording statute and preserve the integrity of the public land records with which she is entrusted. The information that Defendants insist on sealing evidences note transfers that Plaintiff alleges, and the Court has found, require the creation and public recording of mortgage assignments.

By wrongly suggesting that the Court need only balance the parties' interests (Def. Mem. at 6), Defendants have "unacceptably downplayed the fact that this case involves public officials and issues important to the public." *Shingra v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005). *Accord Arnold v. Pennsylvania, Dept. of Transp.*, 477 F.3d 105, 111 (3d Cir. 2007) ("*Shingara* emphasized the importance of the public interest factor"); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 788 (3d Cir. 1994) (distinguishing between cases where a public entity is involved and those where the parties are all private entities).

## CONCLUSION

Plaintiff merely seeks to unseal a few select data points, about a defunct loan, that several MERS member "competitors" already know about, in order to illustrate for the Court of Appeals Plaintiff's central allegations concerning how Defendants violated the recording statute. Clearly, Pennsylvanians have a strong interest in the open litigation of these issues, and Defendants make no attempt to argue otherwise.

Against this strong presumption of openness, Defendants have failed to provide *any* specific examples or articulated reasoning concerning how disclosure of this information could cause the requisite "serious" harm. For the foregoing reasons, the Court should forthwith unseal the McDonnell analysis of the Farkas loan.

Dated:  March 3 2015                                              Respectfully submitted,

| | |
|---|---|
| William H. Lamb | /s/ *Craig W. Hillwig* |
| James C. Sargent | Joseph C. Kohn |
| Maureen M. McBride | Robert J. LaRocca |
| LAMB MCERLANE PC | William E. Hoese |
| 24 E. Market Street | Craig W. Hillwig |
| West Chester, PA  19381 | KOHN, SWIFT & GRAF, P.C. |
| (610) 430-8000 | One South Broad Street, Suite 2100 |
| | Philadelphia, PA  19107-3304 |
| | (215) 238-1700 |

| | |
|---|---|
| Gary E. Mason<br>Jason S. Rathod<br>WHITEFIELD BRYSON & MASON LLP<br>1625 Massachusetts Ave., NW, Suite 605<br>Washington, DC  20036<br>(202) 429-2290 | Jeffrey D. Schaffer<br>COOPER & SCHAFFER, LLC<br>1525 Locust Street, 13th Floor<br>Philadelphia, PA  19102<br>(215) 545-7777<br><br>Jonathan W. Cuneo<br>CUNEO GILBERT & LADUCA LLP<br>507 C Street, NE<br>Washington, D.C. 20002<br>(202) 789-3960 |

Attorneys for Plaintiff and the Class